*A.* being the holder of certain accepted drafts as security for a debt due to him from *B.*, the latter transmitted to *A.* two promissory notes, endorsed in blank, to be substituted for the drafts, requesting him, if he accepted such notes, to return the drafts; *A.* kept the notes, and refused to return or give up the drafts undischarged, but collected a part of the acceptor, and gave him a discharge in full: Held that the notes were not legally delivered so as to vest the property of them in *A.*, and he could not maintain an action on them as indorsee against the maker.

## SHEPARD *against* HALL.

THIS was an action on a promissory note. The cause was tried at *New-Haven, January* term 1816, before *Trumbull, Baldwin,* and *Ingersoll,* Js.

The case, as claimed by the defendant, was as follows. Before the note in suit was given, the plaintiff, being the holder of two drafts, drawn by *Asahel Loomis* of *Middletown,* on *Reuben Ward* of *New-York* and accepted by him, applied to *Loomis* and requested of him that he would substitute other security for the drafts, and take them up. It was thereupon agreed by the plaintiff and *Loomis,* that the latter should procure two notes to the amount of the drafts, and send them to *New-Haven* in a letter directed to the plaintiff; on the receipt of which the plaintiff was to return the drafts. In pursuance of this agreement, *Loomis* procured the note declared on, with another to the amount of the drafts within 97 dollars, endorsed in blank, and enclosed them in a letter directed as above, of which the following is a copy : " *Middletown, September* 1, 1813. Sir, I herewith send you two notes, which, I presume, will answer your purpose, though a little different from what we talked of. I will see you in a few days, and pay you the difference of interest. Please write me, and enclose the drafts, if you accept the notes. Yours, *A. Loomis.*" The plaintiff received the letter and took the notes, but refused to return the drafts. Soon afterwards, he received on them of *Ward,* the acceptor, 97 dollars, and thereupon erased the acceptance from one, and gave the following discharge : *Hartford, October* 26th, 1813. Received of Mr. *Reuben Ward* ninety-seven dollars in full satisfaction of all claims I have upon him of every nature and description. *M. Shepard.*" The defendant also claimed that he had proved by witnesses, and by sundry letters read on the trial,(*a*) that *Loomis* was always ready and willing to pay the difference between the notes and drafts, and repeatedly demanded of the plaintiff either the notes or the drafts, which the plaintiff refused to deliver until after said erasure and discharge. He then offered to return the drafts,

(*a*) These letters were annexed to the motion; but it is not necessary, for the present purpose, to state their contents at length.

but *Loomis* refused to accept them, and never has accepted them.

Hartford,
June, 1816.

Shepard
*v.*
Hall.

The plaintiff offered evidence to prove, and claimed that he had proved, that at the time he applied to *Loomis* for other and better security for the amount of the drafts, the indorsers had failed ; that *Ward*, the acceptor, was in failing circumstances, and soon afterwards failed ; that *Loomis* also had failed in the meantime ; that at the date of the discharge, *Ward* had conveyed all his property to trustees, which produced to his creditors only 15 cents on the dollar ; and that *Loomis,* at the time he drew the drafts, had no funds in the hands of *Ward*, the acceptance being for the honour of the drawer. The plaintiff also claimed, that *Loomis* assented to his holding both the notes and the drafts until payment of the 97 dollars ; that at any rate, he had a right to retain both the notes and the drafts for a reasonable time, until he should make his election ; and that the time for which he retained the drafts, was a reasonable time only.

The court charged the jury as follows. " If, on consideration, you shall find from the evidence, that by agreement of the parties the notes were to be substituted in exchange for the drafts, and the plaintiff had no right to hold both the notes and drafts as a double security on his demand, but was bound immediately, on electing to accept the notes, to return the drafts ; and that the notes were sent enclosed to the plaintiff on that agreement, for the purpose only of being exchanged for the drafts, and were never, in any other way, delivered to the plaintiff ; and that the plaintiff kept the notes, and refused to return or give up the drafts undischarged, and afterwards received on them 97 dollars, and gave the acceptor a discharge in full ; in that case, the court are of opinion that by law there is no such delivery of the notes as will vest the property of them in the plaintiff, and give him a right to maintain this action against the defendant, and your verdict must be for the defendant. On the other hand, if you shall find that the defendant has failed of proving that the agreement was such as he has claimed, and that the notes were to be delivered to the plaintiff as further security, and not in exchange for the drafts, and that the plaintiff was not bound, on his accepting them, to return the drafts, and relinquish all claim thereon ; in that case, your

verdict must be for the plaintiff." The jury returned a verdict for the defendant, and the plaintiff moved for a new trial on the ground of a misdirection. The questions arising on such motion were reserved for the consideration and advice of the nine Judges.

*N. Smith* and *Trumbull* in support of the motion.

*E. Huntington* and *Staples,* contra.

SWIFT, Ch. J. The notes in question were transmitted by *Loomis* to *Shepard* the plaintiff, to be substituted for certain drafts he held in his hands for a debt due from *Loomis.* The proposition was, that if he accepted the notes, he should return the drafts. On this condition only had he a right to retain the notes. It was then optional with him to accept the notes and return the drafts ; or to return the notes and hold the drafts ; but he could not hold the notes, if he retained the drafts. As he refused to return the drafts, collected a part, and cancelled the whole, he never did the act which gave him a right to the notes ; of course, there was no legal delivery of the note in question, but he retained it wrongfully. As then this note was not legally delivered so as to vest a right and interest in him, and as he retained it wrongfully, he cannot. as indorsee, maintain an action upon it against the maker ; for in such case, it is necessary that he shew an interest, and that he came lawfully by the note, to entitle him to recover.

I am of opinion that a new trial ought not to be granted.

In this opinion TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN, and GODDARD, Js. concurred.

GOULD, J. This motion, I think, ought not to prevail. It was incumbent on the plaintiff to show a title ; but this he could not do, if there was no effectual delivery of the note to him ; or in other words, if the delivery was not such as to entitle him to retain it. For though he might, by a breach of trust, make a valid transfer, and thus communicate a right of recovery to a subsequent *bona fide* receiver ; he certainly could not, by his own wrongful act, make a title in *himself.* And according to the finding, he actually holds the note in

his own wrong ; *i. e.* by the breach of a condition, which *Loomis* prescribed, and had a right to prescribe.   For by accepting and retaining the two notes, enclosed in the letter of *September* 1st, the plaintiff must be deemed to have acceded to the *terms,* which the letter contained ; unless, from other evidence, a different agreement or understanding is shown. But the court distinctly left the question to the jury, whether the notes were actually delivered upon those terms ; and the finding is, that they were.

The rules relating to *escrows,* can have no application to the case, according to any view of it.   The notes were not, like *escrows,* placed in deposit, or delivered provisionally, to take effect upon some *future* contingency, or the *future* performance of some condition ; but were delivered, in consideration, and in confidence, of a *simultaneous* act, to be performed by the plaintiff, but which he has not performed. And the case does not, I think, differ at all, in principle, from that of *A.*'s delivering to *B.* a deed of black-acre, under an agreement, that *B., on receiving it,* shall deliver to *A.* a deed of white-acre, and *B.*'s refusing, on the receipt of *A.*'s deed, to deliver his own : A case, in which it is perfectly clear, that *B.* would acquire no title.

It is said, however, that the defendant *Hall,* being no party to the condition prescribed by *Loomis,* can take no advantage of it.   But it should be recollected, that *Hall,* standing upon the defensive, has a right to claim, that the plaintiff make out his title.   The objection, upon this point, is *preliminary.*

With respect to the claim, that *Loomis* ultimately *waived* the condition, prescribed in his letter of *September* 1st, there was, indeed, no direction to the jury ; but there appears to have been no need of any : for no waiver is pretended, unless it may be collected from the " letters," and " receipts," annexed to the motion.   And as these writings are now presented upon the face of the record, and the alleged waiver is to be deduced *exclusively* from them ; the question is reduced to a matter of mere legal construction, on which it was not necessary, (for the *plaintiff's* sake, at least,) to instruct the jury : Though, if the verdict had been the other way, the *defendant* might, perhaps, have complained of the omission.   For there can be no hesitation, I trust, in deciding, that those letters and receipts neither amount in

Shepard
*v.*
Hall.

*law,* to a *waiver* of the condition, nor conduce, at all, to prove it in evidence.

HOSMER, J. having been of counsel in the cause, gave no opinion.

New trial not to be granted.